UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCHRIS BATES,

    Plaintiff,

v.

HEIDI E. WASHINGTON, KIM
CARROR, MANN, BRANT, FOLARIN,
CARPENTER, KLINKO, and J.
JARRETT,

    Defendants.

_____/

Case No. 5:21-cv-11040
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 29)
AND DISMISS THE CASE WITHOUT PREJUDICE**[1]

## I.   Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff MarChris Bates (Bates), proceeding *pro se*, is suing Defendants Heidi Washington, Kim Cargor, Mark Mann, Robert Brant, Adeola Folarin, Mark Carpenter, Greg Klinko, and Jimmy Jarrett, who are all employed by the Michigan Department of

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Corrections (MDOC).² Bates claims that Defendants violated his rights under the Eighth Amendment. *See* ECF Nos. 1 (Original Complaint), 8 (Amended Complaint).³ Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 22).

Before the Court is Defendants' motion for summary judgment on the basis of exhaustion. (ECF No. 29). Bates was directed to file a response to the motion by November 8, 2022. (ECF No. 30). That date has passed without the filing of a response.

For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED, and the case be DISMISSED WITHOUT PREJUDICE.

## II. Background

Bates filed the original complaint on April 9, 2021. (ECF No. 1). On June 15, 2021, Bates filed an amended complaint.⁴ (ECF No. 8).

Defendants submitted Bates' Step III Grievance Report, (ECF No. 29-3), with their motion for summary judgment. This report shows that Bates' first two

---

² The undersigned spelled Defendants' names as they were spelled in their motion for summary judgment.

³ Bates' "Amended Complaint" is best understood as a supplemental complaint because it adds to rather than replaces the original complaint.

⁴ The amended complaint was not docketed until June 25, 2021. (ECF No. 8).

grievances[5] were filed on February 8, 2021. (*Id.*, PageID.292). The MDOC received Bates' Step III appeals for these grievances on March 18, 2021, and mailed its responses to those appeals on June 17, 2021. (*Id.*).

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco*

---

[5] Bates filed six grievances between February 8, 2021 and April 5, 2021. (ECF No. 29-3, PageID.291-292).

*Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Bates is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under . . . the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

As noted above, Bates has not filed a response to Defendants' motion for summary judgment. Nonetheless, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*,

4

946 F.2d 451, 454-455 (6th Cir. 1991))). That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000). The undersigned will therefore consider the merits of Defendants' motion.

IV. Analysis

Defendants' sole basis for requesting summary judgment is Bates' alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) before filing this lawsuit.

A. Standard

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion gives prison officials an opportunity to

resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances, and "a grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all

6

those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

Under MDOC PD 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC PD 03.02.130 ¶ S (underscoring omitted).

Furthermore, MDOC PD 03.02.130 also sets forth time limits regarding the three-step grievance process.

> Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, and then

7

may file a Step I grievance about any unresolved issues with a grievance coordinator within five business days of the attempted informal resolution. (*Id*. at ¶¶ Q, W.) If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. (*Id*. at ¶¶ U, DD.) If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same procedure. (*Id*. at ¶¶ U, HH.) The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. (*Id*.)

*Moses v. Campbell*, No. 20-cv-13366, 2022 WL 2805145, at *3 (E.D. Mich. July 18, 2022). "Generally, Step III responses will be responded to within 60 business days." MDOC PD 03.02.130 ¶ II. "The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

B. Application

The Sixth Circuit has previously explained that "a prisoner must exhaust all available administrative remedies before filing his action," meaning that a prisoner "cannot exhaust these remedies during the pendency of the action." *Roberts v. Lamanna*, 45 F. App'x 515, 516 (6th Cir. 2002). If he did not, then his claims are not considered exhausted. *See Al-Shimary v. Winn*, No. 2:21-cv-10403, 2022 WL 3590357, at *5 (E.D. Mich. July 28, 2022), *report and recommendation adopted*, 2022 WL 3588017 (E.D. Mich. Aug. 22, 2022) ("The PLRA requires exhaustion of

8

all available administrative remedies *before* filing suit.") (emphasis in original); *see also Beal v. Washington*, No. 1:21-cv-522, 2022 WL 17094179, at *4 (W.D. Mich. Oct. 18, 2022), *report and recommendation adopted*, 2022 WL 17093505 (W.D. Mich. Nov. 20, 2022) ("Beal failed to complete the exhaustion process by waiting to receive a Step III response, or allowing the 60-business-day period to expire, before filing his complaint in federal court."); *Walker v. Simon*, No. 1:22-cv-848, 2022 WL 17253612, at *2 (W.D. Mich. Oct. 18, 2022), *report and recommendation adopted*, 2022 WL 17250249 (W.D. Mich. Nov. 28, 2022) (recommending summary judgment because the plaintiff filed his complaint "before he had received Step III responses from the MDOC for the two grievances reflected in his Step III report and before the time allowed under the MDOC grievance policy for review of Step III appeals had expired"); *Mims v. Simon*, No. 1:22-cv-323, 2022 WL 16702166, at *2 (W.D. Mich. Oct. 18, 2022), *report and recommendation adopted*, 2022 WL 16650131 (W.D. Mich. Nov. 3, 2022) (same). Thus, the issue here is whether Bates exhausted his claims *before* filing his original complaint.

As noted above, Bates' Step III Grievance Report shows that the MDOC received the Step III appeals for Bates' first two grievances on March 18, 2021, and mailed its responses to those appeals on June 17, 2021. (ECF No. 29-3, PageID.292). Bates, however, filed his original complaint on April 9, 2021, well

9

before the MDOC mailed its Step III responses. Moreover, the original complaint was also filed before the passage of 60 business days[6] from the date on which the MDOC received Bates' appeals. The 60-business-day period ended on or around June 11, 2021. Accordingly, Bates failed to fully exhaust his administrative remedies as required under the PLRA before filing the original complaint.

Additionally, the filing of an amended/supplemental complaint did not remedy Bates' exhaustion problem under the facts of this case. In *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017), the Sixth Circuit held that "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim." However, as discussed above, Bates' original complaint did not contain any fully exhausted claims. Therefore, the undersigned finds that Bates failed to properly exhaust his administrative remedies and that his claims against Defendants should be dismissed without prejudice.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Defendants' motion for summary judgment, (ECF No. 29), be GRANTED and the case be DISMISSED WITHOUT PREJUDICE.

---

[6] MDOC PD 03.02.130 defines a business day as "Monday through Friday, 8:00 to 4:30, excluding State observed holidays."

Dated: December 13, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

11

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2022.

                                            s/Carolyn Ciesla
                                            CAROLYN CIESLA
                                            Case Manager