UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCHRIS BATES,

    Plaintiff,

v.

HEIDI E. WASHINGTON, KIM CARROR, MANN, BRANT, FOLARIN, CARPENTER, KLINKO, and J. JARRETT,

    Defendants.

_____/

Case No. 5:21-cv-11040
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT[1] (ECF Nos. 32, 33)[2]

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff MarChris Bates (Bates), proceeding *pro se*, is suing Defendants Heidi Washington,

---

[1] ECF No. 32 was titled "Motion in Response to Defendant's Summary Judgment" and was docketed as a Response to Defendants' Motion for Summary Judgment. ECF No. 33 was docketed as a "Cross Motion for Summary Judgment." It is unclear whether these filings were intended to be read as separate filings. They are best understood together as a cross motion for summary judgment that includes exhibits.

[2] Upon review of the papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Kim Cargor, Mark Mann, Robert Brant, Adeola Folarin, Mark Carpenter, Greg Klinko, and Jimmy Jarrett, who are all employed by the Michigan Department of Corrections (MDOC).[3]  Bates claims that Defendants violated his rights under the Eighth Amendment.  *See* ECF Nos. 1 (Original Complaint), 8 (Amended Complaint).[4]  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 22).

Before the Court is Bates' cross motion for summary judgment.  (ECF Nos. 32, 33).  For the reasons that follow, it is RECOMMENDED that the motion be DENIED and the case be DISMISSED WITHOUT PREJUDICE.  As will be explained, this recommendation is consistent with the Report and Recommendation issued on December 13, 2022.  *See* ECF No. 31.

## II.   Background

### A.   Procedural History

On October 5, 2022, Defendants filed a motion for summary judgment on the ground that Bates failed to exhaust his administrative remedies.  (ECF No. 29).  The undersigned entered an order directing Bates to file a response to the motion

---

[3] Defendants' names are spelled as set forth in their motion for summary judgment. *See* ECF No. 29.

[4] Bates' "Amended Complaint" is best understood as a supplemental complaint because it adds to rather than replaces the original complaint.  Nonetheless, it will be referred to as the "Amended Complaint" to be consistent with the docket entry.  *See* ECF No. 8.

2

by November 8, 2022. (ECF No. 30). Bates did not file a response. On December 13, 2022, well after the deadline for filing a response had passed, the undersigned, after reviewing the motion on the merits, issued a Report and Recommendation, recommending that Defendants' motion be granted and the case be dismissed without prejudice for failure to exhaust. *See* ECF No. 31.

On December 20, 2022, Bates filed ECF Nos. 32 and 33. Bates stated under penalty of perjury that he did not receive the order directing him to respond to Defendants' motion until December 6, 2022. (ECF No. 33, PageID.360). Accordingly, the undersigned will consider Bates' filings and review his arguments on the merits.[5]

        B.    December 13, 2022 Report and Recommendation

The December 13, 2022 Report and Recommendation set forth the relevant facts as follows:

> Bates filed the original complaint on April 9, 2021. (ECF No. 1). On June 15, 2021, Bates filed an amended complaint. (ECF No. 8).
>
> Defendants submitted Bates' Step III Grievance Report, (ECF No. 29-3), with their motion for summary judgment. This report shows that Bates' first two grievances were filed on February 8, 2021. (*Id.*, PageID.292). The MDOC received Bates' Step III appeals for these grievances on March 18, 2021, and mailed its responses to those appeals on June 17, 2021. (*Id.*).

---

[5] Defendants have not filed a response to Bates' motion and the time for doing so has passed.

(ECF No. 31, PageID.295-296) (internal footnotes omitted).

The December 13, 2022 Report and Recommendation also set forth the relevant legal standard and explained that Bates had failed to properly exhaust his administrative remedies under the PLRA. (*Id*., PageID.298-303). It was also explained that even though Bates had filed grievances and appealed them through Step III of the MDOC process, his claims were nonetheless not properly exhausted because he filed this lawsuit before the expiration of the 60-business-day period allotted for the MDOC to respond. (*Id*., PageID.301-303). Thus, it was recommended that Defendants' motion for summary judgment be granted and the case dismissed without prejudice for failure to exhaust. (*Id*., PageID.303).

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Bates is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

Defendants have not filed a response to Bates' cross motion for summary judgment, however, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met

5

its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991))). That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000). The undersigned will therefore consider the merits of Bates' motion.

## IV. Discussion

Bates argues that he is entitled to summary judgment because Defendants' creation and enforcement of a "Policy & Custom of Mandatory COVID Contraction" was the "moving force" behind the violation of his constitutional rights. *See* ECF No. 33, PageID.377-378, 380-381. This, as Bates describes it, "clandestine" policy required a prisoner to be " 'post-positive' " for COVID-19

before he could be transferred from the intake facility or gain employment. (*Id.*, PageID.377). In other words, a prisoner needed to have been infected with COVID-19 with a documented positive test result before he could be transferred or employed. *See id*.

Even assuming all of Bates' allegations to be true, he still must clear the hurdle of proper exhaustion before the Court can consider the underlying merits of his lawsuit.

### A.   Legal Standard

As set forth in the December 13, 2022 Report and Recommendation:

> The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion gives prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.
>
> "Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D.

7

Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances, and "a grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id*.

Under MDOC PD 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC PD 03.02.130 ¶ S (underscoring omitted).

Furthermore, MDOC PD 03.02.130 also sets forth time limits regarding the three-step grievance process.

> Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, and then may file a Step I grievance about any unresolved issues with a grievance coordinator

8

> within five business days of the attempted informal resolution. (*Id*. at ¶¶ Q, W.) If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. (*Id*. at ¶¶ U, DD.) If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same procedure. (*Id*. at ¶¶ U, HH.) The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. (*Id*.)
>
> *Moses v. Campbell*, No. 20-cv-13366, 2022 WL 2805145, at *3 (E.D. Mich. July 18, 2022). "Generally, Step III responses will be responded to within 60 business days." MDOC PD 03.02.130 ¶ II. "The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

(ECF No. 31, PageID.298-301).

B.  Application

Bates argues that he properly exhausted his administrative remedies because the MDOC received at least one of his Step III appeals on March 18, 2021, and he did not initiate this lawsuit until April 9, 2021. (ECF No. 33, PageID.383). In support of this argument, he cites *Young v. Hightower*, 395 F. Supp. 2d 583 (E.D. Mich. 2005).

In *Young*, the district court considered a group of MDOC defendants' objections to a magistrate judge's report and recommendation to deny their motion

9

for summary judgment on the basis of exhaustion. The MDOC defendants argued that after reviewing the plaintiff's Step III appeal, the MDOC sent the plaintiff a letter asking him to submit five documents and that he failed to do so, meaning he failed to exhaust his administrative remedies. *Id*. at 586. The plaintiff responded that he had submitted the requested documents. *Id*.

After considering these arguments, the magistrate judge recommended denying the MDOC defendants' motion, "reason[ing] that the plaintiff had complied with the policy by submitting a completed Step III grievance form, 'even if [he] failed to comply with the directives in this letter.' " *Id*. (internal record citation omitted). The district court adopted the magistrate judge's recommendation over the MDOC defendants' objections, explaining:

> In this case, the language of the letter sent by a prison official requesting copies of documents that the plaintiff had sent previously to other prison officials in the Step I and Step II phase of the grievance process suggests that the request for additional materials was procedural: the letter simply states that certain documents were not submitted and lists documents that the plaintiff must submit. The letter did not explain that substantive information was missing or that officials did not understand the nature of the plaintiff's complaint. The Court concludes therefore that the plaintiff's Step III grievance provided adequate notice of his complaint, which is all that is necessary for exhaustion. Because the prison officials, for whatever reason, chose not to proceed further with the plaintiff's complaint, the plaintiff could not take his complaint any further through the administrate process. Although the fact that the plaintiff reached the end of the line can be inferred from the complaint and its attachments, this conclusion is bolstered by the plaintiff's asserting in the motion papers that he in fact submitted the requested documents and still did not obtain redress. The plaintiff has turned to the federal courts. Although the defendants argue that the plaintiff

10

ought not be here, "nothing suggests that a goal of the [PLRA], and specifically, of the exhaustion requirement, was to defeat valid constitutional claims."

*Id*. at 588 (quoting *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003)).

Here, unlike in *Young*, the MDOC had not sent any Step III response to Bates before he filed his complaint in April 2021. Instead, the MDOC was still well within the 60-business-day timeframe under MDOC PD 03.02.130 ¶ II during which it has to respond to a Step III appeal.

As explained in the December 13, 2022 Report and Recommendation, the 60-business-day period would have expired sometime in June 2021. (ECF No. 31, PageID.302-303). Additionally, several courts in this circuit have held that a claim is not properly exhausted under the PLRA if a plaintiff sues before the passage of 60 business days since the MDOC's receipt of his Step III appeal. *See, e.g.*, *Al-Shimary v. Winn*, No. 2:21-cv-10403, 2022 WL 3590357, at *5 (E.D. Mich. July 28, 2022), *report and recommendation adopted*, 2022 WL 3588017 (E.D. Mich. Aug. 22, 2022) ("The PLRA requires exhaustion of all available administrative remedies *before* filing suit.") (emphasis in original); *see also Beal v. Washington*, No. 1:21-cv-522, 2022 WL 17094179, at *4 (W.D. Mich. Oct. 18, 2022), *report and recommendation adopted*, 2022 WL 17093505 (W.D. Mich. Nov. 20, 2022) ("Beal failed to complete the exhaustion process by waiting to receive a Step III response, or allowing the 60-business-day period to expire, before filing his

complaint in federal court."); *Walker v. Simon*, No. 1:22-cv-848, 2022 WL 17253612, at *2 (W.D. Mich. Oct. 18, 2022), *report and recommendation adopted*, 2022 WL 17250249 (W.D. Mich. Nov. 28, 2022) (recommending summary judgment because the plaintiff filed his complaint "before he had received Step III responses from the MDOC for the two grievances reflected in his Step III report and before the time allowed under the MDOC grievance policy for review of Step III appeals had expired"); *Mims v. Simon*, No. 1:22-cv-323, 2022 WL 16702166, at *2 (W.D. Mich. Oct. 18, 2022), *report and recommendation adopted*, 2022 WL 16650131 (W.D. Mich. Nov. 3, 2022) (same).

Thus, the undersigned reaffirms the conclusion in the December 13, 2022 Report and Recommendation that Bates failed to properly exhaust his administrative under the PLRA because he filed this lawsuit before the date on which the MDOC was required to respond to his Step III appeal.

Bates also argues that, even if he did fail to properly exhaust his administrative remedies, Defendants are still not entitled to summary judgment because the alleged policy at issue was not grievable under MDOC policy. (ECF No. 33, PageID.384). In support of this argument, Bates points to the MDOC's Step I and II rejections of one of his grievances (RGC-21-04-2125-27B) (hereinafter, Grievance 27B) for raising a "non-grievable" issue. (*Id*. (citing ECF

12

No. 32, PageID.357; ECF No. 33, PageID.367-368, 369-370)).[6]

Bates is correct that a prisoner cannot grieve the content of a policy or procedure under MDOC PD 03.02.130 ¶ J(8), which provides: "A grievance shall be rejected by the Grievance Coordinator if . . . [t]he prisoner is grieving content of the policy or procedure except as it was specifically applied to the grievant." (ECF No. 29-2, PageID.281).

The exception to this general principle is where the prisoner grieves a policy or procedure "*as it was specifically applied to the grievant*.". MDOC PD 03.02.130 ¶ J(8) (emphasis added). While Bates does discuss the alleged policy in his original complaint, his specific claim is that his constitutional rights were violated when MDOC officials refused to allow him to be transferred or employed without first contracting COVID-19. For instance, Bates states, "I have been told directly by numerous different staff members that I 'have to get COVID-19, or have to have previously "HAD" it [and] got over it' in order to be transferred or to be eligible for ANY sorts of detailed work assignment." (ECF No. 1, PageID.20) (capitalization modified). This is the sort of claim that needs to be grieved and exhausted before being brought to federal court. *See Lopp v. Washington*, No.

---

[6] While the original grievance form and Step II rejection are legible, most of the Step II and III appeal form completed by Bates is not. *Compare* ECF No. 33, PageID.367-368 *with* ECF No. 32, PageID.357 and ECF No. 33, PageID.369-370. As result, the undersigned requested the original filings from the Clerk. The Clerk provided the original filings. However, they too are difficult to read.

1:19-CV-540, 2021 WL 3033266 (W.D. Mich. July 19, 2021) (explaining that where a prisoner claimed that his specific constitutional rights had been violated under an MDOC policy, the proper avenue for exhaustion was the grievance process).

To that point, Bates claims that he did in fact grieve this issue, and that it was rejected by MDOC as non-grievable. *See* ECF No. 32, PageID.357; ECF No. 33, PageID.367-368. When the MDOC rejects a grievance as non-grievable, a prisoner is "freed . . . of his duty to further pursue the grievance process." *Regains v. Horrocks*, No. 2:21-CV-72, 2022 WL 4473493, at *5 (W.D. Mich. Mar. 30, 2022), *report and recommendation adopted*, 2022 WL 4464661 (W.D. Mich. Sept. 26, 2022). Regardless, Grievance 27B cannot be considered to have exhausted Bates' claims in this case because it concerned an incident that allegedly occurred on April 9, 2021, (ECF No. 32, PageID.357), and Bates dated the certification accompanying the original complaint on April 8, 2021 (one day before the incident complained about in Grievance 27B), (ECF No. 1, PageID.42). This means Bates' claim in the original complaint that the enforcement of the alleged policy led to the violation of his constitutional rights could not have been exhausted by Grievance 27B. A grievance concerning an incident that occurred *after* a prisoner-plaintiff prepares and certifies a complaint cannot be said to exhaust any claims contained within the complaint. Therefore, Bates' claim that his rights were violated by

14

application of a "clandestine" policy of mandatory COVID-19 contraction is unexhausted and subject to dismissal without prejudice.

V.   Conclusion

For the reasons stated above and in the December 13, 2022 Report and Recommendation, (ECF No. 31), it is RECOMMENDED that Bates' cross motion for summary judgment, (ECF Nos. 32, 33), be DENIED and the case be DISMISSED WITHOUT PREJUDICE.

Dated: February 13, 2023          s/Kimberly G. Altman
Detroit, Michigan                 KIMBERLY G. ALTMAN
                                  United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

15

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2023.

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager