UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MarChris Bates,

          Plaintiff,      Case No. 21-cv-11040

v.

                      Judith E. Levy
                      United States District Judge
Heidi E. Washington, *et al.*,

                      Mag. Judge Kimberly G. Altman

          Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [35, 36] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS [31, 34]**

Defendants filed a motion for summary judgment based on exhaustion on October 5, 2022. (ECF No. 29.) Magistrate Judge Kimberly G. Altman issued an order requiring a response to Defendants' motion by November 8, 2022, but none was filed by that date. (ECF No. 30.) On December 13, 2022, Magistrate Judge Altman issued a Report and Recommendation ("R&R") (ECF No. 31) recommending the Court grant Defendants' motion for summary judgment (ECF No. 29) and dismiss the case without prejudice. On December 20, 2022, *pro se* Plaintiff MarChris

Bates filed a cross motion for summary judgment.[1] (ECF Nos. 32, 33.) Magistrate Judge Altman issued a second R&R recommending that the Court deny Plaintiff's cross motion for summary judgment and reaffirming the first R&R after considering Plaintiff's filings. (ECF No. 34.)

Plaintiff filed objections to the R&Rs in two separate filings. His first set of objections appears to address the first R&R. (ECF No. 35.) This filing is dated December 22, 2022, but it was filed with the Court on February 17, 2023. (*See id.*) Plaintiff's second set of objections seems to address the second R&R. (ECF No. 36.) It was dated February 16, 2023 and was filed on February 22, 2023. (*See id.*)

For the reasons set forth below, Plaintiff's objections are overruled, and the R&Rs (ECF Nos. 31, 34) are adopted. Accordingly, Defendants'

---

[1] The R&R explained that

> ECF No. 32 was titled "Motion in Response to Defendant's Summary Judgment" and was docketed as a Response to Defendants' Motion for Summary Judgment. ECF No. 33 was docketed as a "Cross Motion for Summary Judgment." It is unclear whether these filings were intended to be read as separate filings. They are best understood together as a cross motion for summary judgment that includes exhibits.

(ECF No. 34, PageID.388.) The Court agrees that Plaintiff's filings should be considered together as a cross motion.

motion for summary judgment is granted, Plaintiff's cross motion for summary judgment is denied, and the case is dismissed without prejudice.

## I. Background

The Court adopts by reference the background set forth in the R&Rs, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 31, PageID.295–296; ECF No. 34, PageID.389–391.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir.

2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

#### A. ECF No. 35, Objection 1

In his first objection, Plaintiff appears to argue that the R&R erred by recommending the Court grant Defendants' motion for summary judgment in light of Plaintiff's failure to file a response. (*See* ECF No. 35, PageID.405–406.) He explains that

> Plaintiff filed AFFIDAVIT to this court with the letter postmarked DECEMBER 2, 2022 so there was NO WAY for the response to be filed on time and yet on DEC. 6, 2022 when Plaintiff received notice, Proper documents were submitted

> Expeditiously . . . . As we all are very well informed, the USPS is behind and electronic notifications are available through email to the plaintiff to avoid any other delays, all contact information on record is correct.

(ECF No. 35, PageID.406.)

Because the first R&R was issued on December 13, 2022, it was not possible for the first R&R to consider the arguments from Plaintiff's December 20, 2022 cross motion. In any event, the R&R reached its conclusion without factoring Plaintiff's lack of response into its analysis. (*See* ECF No. 31, PageID.301–303.) Moreover, the second R&R affirmed the first R&R's conclusion even after considering the arguments in Plaintiff's cross motion. (*See* ECF No. 34.) In other words, the first R&R did not make a legal or factual mistake by not considering the arguments in Plaintiff's subsequent cross motion. Thus, Plaintiff's first objection is overruled.

### B. ECF No. 35, Objection 2

In his second objection, Plaintiff disagrees with the first R&R's conclusion on the issue of exhaustion. He states that he "FIRMLY OBJECTS (IV Analysis) Defendants' sole basis for requesting summary judgment is Bates' alleged failure to exhaust his administrative remedies

5

under the Prison Litigation Reform Act (PLRA) before filing his lawsuit." (ECF No. 35, PageID.406.)

Plaintiff makes several arguments in support of this objection. First, Plaintiff seems to argue that "Extreme Measures[] Pertaining to Prison Conditions" can bypass Steps I and II of the grievance process and "can be filed Straight to STEP III." (*Id.* at PageID.407.) But Plaintiff is mistaken. As the first R&R correctly noted, "[t]he MDOC has established a three-step process to review and resolve prisoner grievances, and 'a grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted.' *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012)." (ECF No. 31, PageID.299.) The MDOC policy does not have an exception for "[e]xtreme [m]easures[] [p]ertaining to [p]rison [c]onditions." (ECF No. 35, PageID.407.)

Next, Plaintiff argues that the "exhaustion requirements were fulfilled when prisoner FILED His Michigan Department of Corrections (MDOC) STEP III Grievance form." (ECF No. 35, PageID.407.) This argument appears to challenge the first R&R's conclusion that Plaintiff failed to exhaust his claims because, at the time Plaintiff brought his suit, (1) the MDOC had not yet issued a Step III response and (2) sixty

6

business days had not yet passed after Plaintiff filed his Step III grievance. (ECF No. 31, PageID.301–303.)

But Plaintiff does not show that the first R&R made an error of law or fact. He cites to *Young v. Hightower*, 395 F. Supp. 2d 583 (E.D. Mich. 2005) in support of his argument.[2] However, *Young* is distinguishable from this case because the plaintiff in *Young* received his Step III denial before filing suit. *See Young*, 395 F. Supp. 2d at 583. (*See also* ECF No. 34, PageID.398.) Plaintiff does not point to any other authority to challenge the R&R's conclusion.

Finally, Plaintiff argues that he received a rejected grievance on April 5, 2021 saying that "the issue complained of could Not Be Grieved." (ECF No. 35, PageID.408.) In his cross motion, Plaintiff attached several grievance forms. Some of these grievance forms pertained to conduct that occurred after Plaintiff dated his original complaint[3]; the rest reflect that the Step III rejection was issued after the complaint was filed. (ECF No. 32, PageID.356–357; ECF No. 33, PageID.366–376.) As noted above,

---

[2] Plaintiff brings a nearly identical argument in his cross motion for summary judgment. (ECF No. 33, PageID.383.)

[3] Plaintiff dated his original complaint April 8, 2021. (ECF No. 1, PageID.42; *see also* ECF No. 34, PageID.401.)

7

Plaintiff did not exhaust the claims that had not yet received a Step III rejection when he filed suit. And the claims for conduct that occurred after Plaintiff filed his complaint could not have been exhausted. (*See* ECF No. 34, PageID.401.)

In sum, the first R&R did not err in recommending that the Court grant Defendants' summary judgment motion on the basis of exhaustion. Plaintiff's second objection is overruled.

### C. ECF No. 36, Objection 1

In Plaintiff's objection to the second R&R, he again disagrees with the R&R's conclusion on exhaustion. Plaintiff's first two arguments were already addressed by the magistrate judge. First, he argues that his "Remedies were Exhausted" because the responses to his Step III grievances were pending. (ECF No. 36, PageID.414.) Second, he argues that his claim "was Directly Grieved and Instantly Denied due to the content being of policy or procedure." (*Id.* at PageID.414.) Both arguments were already presented to and addressed by the magistrate judge and are thus improper. (ECF No. 34, PageID.396–399, 401); *Coleman-Bey*, 287 F. App'x at 422.

8

Plaintiff's final set of arguments is difficult to understand. He seems to be arguing that he exhausted his administrative remedies because, on April 5, 2021, he received a Step III rejection on the basis that his claims were non-grievable:

> Prior to said Exhibits, MDOC Administration's Step III Final office received notice on March 18, 2021, of said Violations in hopes of a reasonable response. There was None. On April 5, 2021, During Midnight mail run Plaintiff Received A rejected Grievance **informing** Plaintiff that the issue complained of could Not Be Grieved. In A Prisoner CIVIL RIGHTS action, defendants were NOT entitled to Summary Judgment based on the failure to exhaust . . .

(ECF No. 36, PageID.416.)

But the record shows that the Step III grievance that the MDOC received on March 18, 2021 was rejected on June 17, 2021. (ECF No. 29-3, PageID.292.) And as noted above, Plaintiff's other grievances either report conduct that occurred after Plaintiff dated the complaint or show that the Step III rejection was issued after the complaint was filed. (*See, e.g.*, ECF No. 32, PageID.356–357; ECF No. 33, PageID.366–376.) Accordingly, the second R&R did not err in finding that Plaintiff failed to exhaust his remedies. Plaintiff's third objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court overrules Plaintiff's objections (ECF Nos. 35, 36) and adopts the R&Rs. (ECF No. 31, 34.) Accordingly, Defendants' motion for summary judgment (ECF No. 29) is granted, Plaintiff's cross motion for summary judgment (ECF No. 32, 33) is denied, and the case is dismissed without prejudice.

IT IS SO ORDERED.

Dated: April 26, 2023      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                                 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2023.

                                                  s/William Barkholz
                                                  WILLIAM BARKHOLZ
                                                  Case Manager